FILED
United States Court of Appeals
Tenth Circuit

August 14, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STATE OF UTAH,

    Plaintiff,

v.

SHAWN CHRISTOPHER RICKS,

    Defendant - Appellant,

v.

IN THE MATTER OF THE STATE
COURT MOTION TO COMPEL
COMPLIANCE WITH A SUBPOENA
AGAINST THE UNITED STATES
SOCIAL SECURITY
ADMINISTRATION,

    Respondent - Appellee.

No. 16-4194
(D.C. No. 2:16-CV-00462-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Shawn Ricks appeals from an order dismissing his motion to compel the Social Security Administration (SSA) to produce the Social Security Disability records of a non-party. Concluding this appeal is now moot, we dismiss it.

Mr. Ricks was the defendant in criminal proceedings brought in a Utah state court. He served a subpoena on the SSA for the disability records of his alleged victim. The SSA refused to comply, asserting that release of the requested information was prohibited by applicable federal regulations. In response to Mr. Ricks's ensuing motion to compel, the SSA removed the matter to federal district court where it sought dismissal for lack of subject-matter jurisdiction. The federal district court dismissed the case, holding that the SSA could not be compelled to comply with the subpoena. Mr. Ricks appealed to this court.

While this appeal was pending, Mr. Ricks voluntarily entered a guilty plea in the state criminal proceedings, thus concluding those proceedings. The SSA has filed a motion to dismiss the appeal, claiming the appeal is now moot. Mr. Ricks opposes dismissal.

Mootness is a legal question we consider de novo. *United States v. Fisher*, 805 F.3d 982, 989 (10th Cir. 2015). In considering mootness, "[t]he starting point for [our] analysis is the familiar proposition that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). But there are certain exceptions to mootness where "a case remains subject to federal court jurisdiction notwithstanding the seeming extinguishment of any live case or

2

controversy." *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 828 (2017).

One exception is if the issue is deemed a wrong capable of repetition yet evading review. This exception applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (internal quotation marks omitted). The second exception to mootness concerns "voluntary cessation" of the defendant's conduct. *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 92 (2013). Voluntary cessation moots a case where "the challenged action—pursuing a claim in court—could not be resumed in this or any subsequent action and because it [is] entirely speculative that any similar claim would arise in the future." *Id.* (internal quotation marks omitted).

Mr. Ricks does not dispute the SSA's assertions that the appeal is moot and no recognized exception to the mootness doctrine applies. Nevertheless, he opposes dismissal because the proceedings stemming from his subpoena to the SSA caused a substantial delay in his criminal case. He requests "a narrow and unprecedented exception" to the mootness doctrine that would assure his Sixth Amendment rights to a speedy trial and compulsory process. Aplt. Objection to Aplee. Suggestion of Mootness, at 4-5. Mr. Ricks has not suggested how resolving the appeal on the merits would vindicate his Sixth Amendment rights and we do not see how it could.

3

Since a favorable outcome would not affect his rights, this court is without power to decide the merits.  *See DeFunis*, 416 U.S. at 316.

Although Mr. Ricks has not requested that we vacate the district court's judgment, we have determined that doing so is not warranted.  "The question of whether to vacate a judgment after a finding of mootness is an equitable question that must be determined on the basis of the particular circumstances."  *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1116 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 137 S. Ct. 376 (2016).  Where "a party—who has lost before the district court—causes mootness and then seeks vacatur, we generally refuse to vacate the district court's opinion."  *Id.* at 1117.  Mr. Ricks's voluntary guilty plea has rendered this appeal moot.  Therefore, we decline to vacate the district court's judgment.

Appeal dismissed.

Entered for the Court

Jerome A. Holmes
Circuit Judge

4